IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |
|---|---|
| SHAMIEKE D. PUGH, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> RONALD ERDOS, *et al.*, <br><br> *Defendants*. | Case No. 1:19-cv-245 <br><br> Judge Jeffery P. Hopkins |

# ORDER

This matter comes before the Court on Joint Status Report (Doc. 105) (the "Joint Status Report") submitted by the parties regarding the status of (1) Defendants' First Motion for Summary Judgment Addressing Exhaustion and Tolling Only (Doc. 73) (the "First Motion for Summary Judgment"); (2) Defendants' and Interested Party, State of Ohio's Motion for Partial Summary Judgment as to Plaintiffs' Claims Against Unidentified Defendants, John Doe Health Care Provider, John Doe Nurses, and Defendant John Doe Correctional Officers (Doc. 90) (the "Second Motion for Partial Summary Judgment"); (3) Plaintiffs' Motion to Modify the Scheduling Order and Compel Depositions (Doc. 89) (the "Motion for Discovery"); (4) Defendants' Motion for Leave to File Exhibits to Their Motion for Summary Judgment Under Seal (Doc. 97) (the "Motion to Seal"); and (5) Defendants' Motion for an Extension of Time to File Dispositive Motion (Doc. 98) (the "Motion for Extension of Time"). The Court will address each of these motions in turn.

### I. The First Motion for Summary Judgment (Doc. 73)

The parties report that they were unable to resolve factual and legal disputes relevant to Defendant's First Motion for Summary Judgment (Doc. 73). This motion has been fully briefed by the parties and is ripe for consideration by the Court. Docs. 73, 77, 85. The Parties are scheduled to attend a mediation conference with Magistrate Judge Caroline H. Gentry on May 23, 2024. Doc. 104. The Court hereby **DEFERS** consideration of the First Motion for Summary Judgment (Doc. 73) until after the mediation conference.

### II. The Second Motion for Partial Summary Judgment (Doc. 90) and the Motion for Discovery (Doc. 89).

In the Second Motion for Partial Summary Judgment (Doc. 19), Interested Party, the State of Ohio, and the named and served defendants to this action seek summary judgment as to Plaintiff, Shamieke Pugh's claims as alleged in Counts Six, Seven, Eight, Nine, and Ten of Plaintiffs' Amended Complaint (Doc. 27) against defendants "John Doe Health Care Provider" and "John Doe Nurses," and purported Defendant "John Doe Correctional Officers." Plaintiffs do not oppose the Motion and have submitted an Agreed Order and Entry Granting Motion for Partial Summary Judgment (Doc. 102) for the Court's consideration. The parties further agree that granting the Second Motion for Partial Summary Judgment renders Defendants' Motion for Discovery moot, and jointly request that it be denied on that basis. Doc. 105, PageID 1292.

Upon consideration of the motions and for good cause shown, the Second Motion for Partial Summary Judgment (Doc. 90) is **GRANTED**, and the Motion for Discovery (Doc. 89) is **DENIED AS MOOT.** The Court hereby awards summary judgment in favor of Defendants "John Doe Health Care Provider," "John Doe Nurses," and "John Doe Correctional Officers," and they shall be **DISMISSED** with prejudice.

### III. The Motion to Seal (Doc. 97).

The Court next addresses Defendants' Motion to Seal, which seeks leave to file "certain deposition and ODRC records under seal that are intended to be referenced and attached as an exhibit to Defendants' forthcoming [third] motion for summary judgment." Doc. 97 at PageID 1266. The Motion to Seal states, without specificity, that "sensitive, confidential security related information" was obtained through discovery, and "[t]he release of this information to the public may risk the security and safety of the general public, incarcerated individuals as well as ODRC employees." *Id.* The Motion to Seal does not list or describe the particular documents or portions of transcripts that Defendants seek to file under seal.

The Motion to Seal further argues that "[t]he Sixth Circuit allows for the sealing of records as it pertains to 'information required by statute to be maintained in confidence.,'" *Id.* (citing *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 301 (6th Cir. 2016)), but does not specifically identify any statute that mandates the sealing the anticipated exhibits.

In their subsequently filed Motion for Extension of Time (Doc. 98), Defendants provide limited additional details regarding the documents that they intend to file under seal. Specifically, Defendants note:

> In preparing a dispositive motion, the undersigned realized that depositions ad (sic) other evidence necessary for the Court to consider in order to rule on the dispositive motion contained highly confidential security information relating to Southern Ohio Correctional Facility. This information related specifically to how doors and gates operated and worked within the institution, and other policy and practices of correction officers in handling incarcerated individuals. This information is mandated to be confidential under R.C. 5120.21(D).

Doc. 98, PageID 1269. The Motion for Extension of Time does not provide any additional clarity regarding which documents Defendants seek to file under seal.

A party seeking to seal court records bears the heavy burden of overcoming the "strong presumption in favor of openness" as to court records. *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). This presumption arises because "[t]he public has a strong interest in obtaining the information contained in the court record . . . [including] an interest in ascertaining what evidence and records" a court relies upon in making its decision. *Lipman v. Budish*, 974 F.3d 726, 753 (6th Cir. 2020) (citing *Brown & Williamson*, 710 F.2d at 1180–81). Indeed, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983).

In order to meet its substantial burden, the party seeking to seal court records "must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors America, Inc.*, 767 F. App'x 635, 638 (6th Cir. 2019). The moving party must therefore "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Labs*, 297 F.3d 544, 548 (7th Cir. 2002)). Therefore, "a motion to seal must address each document the moving party wants to seal or redact." *See Duff v. Centene Corp.*, No. 1:19-CV-750, 2022 WL 3151889, at *2 (S.D. Ohio Aug. 8, 2022).

Likewise, when a district court elects to seal court records, it must set forth specific findings and conclusions that justify nondisclosure to the public. *Brown & Williamson*, 710 F.2d at 1176. The Court's obligation to set forth specific findings and conclusion to justify sealing "is independent of whether anyone objects to [the Motion to Seal]," and failure to do so is itself grounds to vacate an order to seal. *Shane Grp.*, 825 F.3d at 306.

Here, although the Motion to Seal is unopposed, the Defendants, as the proponents of sealing the exhibits, retain a substantial burden which requires a detailed, document by document analysis justifying nondisclosure to the public that provides specific reasons for nondisclosure and legal citations. *See Id.* at 305–06. The Motion to Seal falls far short of that burden, as it fails to even identify or describe any of the documents that Defendants wish to file under seal. Accordingly, the Motion to Seal (Doc. 97) is **DENIED WITHOUT PREJUDICE TO REFILING**. Defendants may make a renewed Motion to Seal consistent with this order.

  **IV.** **The Motion for Extension of Time (Doc. 98).**

Finally, the parties report that Plaintiffs do not oppose Defendants' Motion for Extension of Time (Doc. 98). Defendants' motion sought an extension of the dispositive motion deadline to allow time for the Court to consider and rule on the Motion to Seal (Doc. 97), which remained pending as of the dispositive motion deadline. In their Joint Status Report, the parties now request that the Court extend the dispositive motion deadline until no later than two weeks following the mediation scheduled for May 23, 2024. Doc. 105, PageID 1293.

The Court finds that there is good cause for extending the dispositive motion deadline. However, additional time is likely needed for the Defendants to make (and for this Court to consider) a renewed motion to file exhibits under seal consistent with this order. Therefore, the Motion for Extension of Time (Doc. 98) is **GRANTED IN PART.** The deadline for filing dispositive motions is hereby extended until **June 24, 2024.** The parties are advised that any motions to seal exhibits to dispositive motions shall be filed no later than fourteen (14) days prior to the dispositive motion deadline.

**IT IS SO ORDERED.**

March 27, 2024

Jeffery P. Hopkins
United States District Judge